IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMIL USA, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:07-cv-341 |
| v. | § § | |
| CISCO SYSTEMS, INC.; SYMBOL TECHNOLOGIES, INC.; MOTOROLA, INC.; and ARUBA NETWORKS, INC. | § § § § | |
| Defendants. | § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT
INFRINGEMENT AND JURY DEMAND**

Plaintiff Commil USA, LLC ("Commil USA") files this Complaint for Patent Infringement against Defendants Cisco Systems, Inc.; Symbol Technologies, Inc.; Motorola, Inc.; and Aruba Networks, Inc, (collectively, "Defendants") and alleges as follows:

**I. PARTIES**

1. Commil USA is a limited liability company organized under the laws of the State of Texas. Commil USA maintains its principle place of business at 10655 Six Pines Drive, Suite 260, The Woodlands, Texas 73380.

2. Upon information and belief, Cisco Systems, Inc. ("Cisco") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California with its principle place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco will be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporation Service, 701 Brazos Street,

Suite 1050, Austin, Texas 78701. Cisco manufactures and sells equipment for use in the wireless networking, voice over internet protocol and other technology areas.

3.  Upon information and belief, Symbol Technologies, Inc. ("Symbol") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with its principle place of business at One Symbol Plaza, Holtsville, New York 11742-1300. Symbol will be served with process through its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201-4201. Symbol manufactures, develops, markets, and sells innovative, high-performance products, including wireless local area networks and their components, including wireless access points and wireless switches. Symbol is a wholly-owned subsidiary of Motorola, Inc.

4.  Upon information and belief, Motorola, Inc. ("Motorola") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with its principle place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196. Motorola will be served with process through its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201-4201. Motorola manufactures, develops, markets, and sells innovative, high-performance products, including wireless local area networks and their components, including wireless access points and wireless switches.

5.  Upon information and belief, Aruba Networks, Inc. ("Aruba") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware with its principle place of business at 1322 Crossman Ave., Sunnyvale, California 94089-1113. Aruba will be served with process through its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201-

4201. Aruba manufactures and sells equipment for use in the wireless networking, voice over internet protocol and other technology areas.

## II. JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has jurisdiction over this case for patent interference under 35 U.S.C. § 291.

8.      Personal jurisdiction exists generally over Cisco because it has sufficient venue contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Cisco, directly or through subsidiaries or intermediaries, offers for sale, sells, imports, advertises, and markets products and services within the Marshall Division of the Eastern District of Texas that infringe the patents-in-suits described more particularly below. Jurisdiction and venue is also proper against Cisco as a result of its internet marketing activities. Cisco has purposefully placed one or more of its infringing products into the stream of commerce with the expectation that they will reach consumers in the Eastern District of Texas. These infringing products have been, and continue to be, purchased by consumers in the Eastern District of Texas. Cisco has committed the tort of patent infringement within the state of Texas and, more particularly, within the Eastern District of Texas. In addition, Cisco's contacts with the state of Texas and the Eastern District of Texas are continuous and systematic thereby invoking general jurisdiction.

9.      Personal jurisdiction exists generally over Symbol because it has sufficient venue contacts with the forum as a result of business conducted within the State of Texas and within

the Eastern District of Texas. Symbol, directly or through subsidiaries or intermediaries, offers for sale, sells, imports, advertises, and markets products and services within the Marshall Division of the Eastern District of Texas that infringe the patents-in-suits described more particularly below. Jurisdiction and venue is also proper against Symbol as a result of its internet marketing activities. Symbol has purposefully placed one or more of its infringing products into the stream of commerce with the expectation that they will reach consumers in the Eastern District of Texas. These infringing products have been, and continue to be, purchased by consumers in the Eastern District of Texas. Symbol has committed the tort of patent infringement within the state of Texas and, more particularly, within the Eastern District of Texas. In addition, Symbol's contacts with the state of Texas and the Eastern District of Texas are continuous and systematic thereby invoking general jurisdiction.

10.    Personal jurisdiction exists generally over Motorola because it has sufficient venue contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Motorola, directly or through subsidiaries or intermediaries, offers for sale, sells, imports, advertises, and markets products and services within the Marshall Division of the Eastern District of Texas that infringe the patents-in-suits described more particularly below. Jurisdiction and venue is also proper against Motorola as a result of its internet marketing activities. Motorola has purposefully placed one or more of its infringing products into the stream of commerce with the expectation that they will reach consumers in the Eastern District of Texas. These infringing products have been, and continue to be, purchased by consumers in the Eastern District of Texas. Motorola has committed the tort of patent infringement within the state of Texas and, more particularly, within the Eastern District of

Texas. In addition, Motorola's contacts with the state of Texas and the Eastern District of Texas are continuous and systematic thereby invoking general jurisdiction.

11. Personal jurisdiction exists generally over Aruba because it has sufficient venue contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Aruba, directly or through subsidiaries or intermediaries, offers for sale, sells, imports, advertises, and markets products and services within the Marshall Division of the Eastern District of Texas that infringe the patents-in-suits described more particularly below. Jurisdiction and venue is also proper against Aruba as a result of its internet marketing activities. Aruba has purposefully placed one or more of its infringing products into the stream of commerce with the expectation that they will reach consumers in the Eastern District of Texas. These infringing products have been, and continue to be, purchased by consumers in the Eastern District of Texas. Aruba has committed the tort of patent infringement within the state of Texas and, more particularly, within the Eastern District of Texas. In addition, Aruba's contacts with the state of Texas and the Eastern District of Texas are continuous and systematic thereby invoking general jurisdiction.

12. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) – (c) and 1400(b).

### III. PATENT INFRINGEMENT

13. Commil USA incorporates the allegations set forth in paragraphs 1-12 above.

14. On August 6, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,430,395 ("'395 Patent"), entitled "Wireless Private Branch Exchange (WPBX) and Communicating Between Mobile Units and Base Stations." Commil USA is the owner by assignment of all right, title and interest in and to the

'395 Patent with the exclusive right to enforce the '395 Patent and to collect damages for its infringement. A copy of the '395 Patent is attached as Exhibit A. The '395 Patent is valid and enforceable.

15. Upon information and belief, each of the Defendants manufacture, make, use, practice, provide, supply, sells, import, distribute and/or offer for sale products that infringe one or more claims of the '395 Patent. At no time have Defendants been licensed under any of Commil USA's Patents.

16. As a result of the foregoing acts, Commil USA alleges, upon information and belief, that Defendants, in violation of 35 U.S.C. § 271 have been and are currently directly infringing, contributorily infringing and/or inducing infringement of the '395 Patent. Upon information and belief, Defendants' infringement of the '395 Patent has been and continues to be willful and deliberate.

17. Commil USA has been and continues to be harmed by Defendants' conduct and is therefore entitled to recover damages adequate to compensate for the infringement, (and, if necessary, related accountings), in an amount to be determined at trial, but in no event less than a reasonable royalty.

18. The infringement of the '395 Patent by Defendants has caused and will continue to cause Commil USA irreparable harm unless preliminarily and permanently enjoined by the Court. Commil USA has no adequate remedy at law.

## IV. PATENT INTERFERENCE AGAINST SYMBOL

19. Commil USA incorporates the allegations set forth in paragraphs 1-18 above.

20. On August 6, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,430,395 ("'395 Patent"), entitled "Wireless

Private Branch Exchange (WPBX) and Communicating Between Mobile Units and Base Stations." Commil USA is the owner by assignment of all right, title and interest in and to the '395 Patent with the exclusive right to enforce the '395 Patent and to collect damages for its infringement. The '395 Patent is valid and enforceable.

21. Commil USA is the owner by assignment of all right, title and interest in and to the '395 Patent with exclusive right to enforce the '395 Patent and to collect damages for its infringement.

22. On April 7, 2000, United States Provisional Application No. 60/195,219 ("the '219 application") was filed.

23. On February 16, 2001, United States Patent Application 784,109 ("the '109 application") was filed, claiming the benefit of the '219 application, filed on April 7, 2000. On August 6, 2002, the '109 application matured into the '395 Patent.

24. Claim 1 of the '395 Patent claims:

> In a wireless communication system comprising at least two Base Stations, at least one Switch in communication with the Base Stations, a method of communicating between mobile units and the Base Stations comprising: dividing a short-range communication protocol into a low-level protocol for performing tasks that require accurate time synchronization and a high-level protocol which does not require accurate time synchronization; and for each connection of a mobile unit with a Base Station, running an instance of the low-level protocol at the Base Station connected with the mobile unit and running an instance of the high-level protocol at the Switch.

25. Upon information and belief, defendant Symbol is the owner and/or has the right to enforce United States Patent No. 7,173,922 ("'922 Patent"), entitled "Multiple Wireless Local Area Networks Occupying Overlapping Physical Spaces." A copy of the '922 Patent is attached to this Complaint as Exhibit B.

26. Upon information and belief, on March 17, 2000, United States Application Serial No. 528,697 ("the '697 application") was filed.

27. Upon information and belief, on February 9, 2001, United States Application Serial No. 780,741 ("the '741 application") was filed, claiming the benefit of the '697 application. On February 6, 2007, the '741 application matured into the '922 Patent.

28. Upon information and belief, claim 1 of the '922 Patent claims:

> A method for operating multiple overlapping wireless local area subnetworks, the method comprising:
>
> Providing a common cell controller coupled to a plurality of RE ports, wherein the common cell controller in conjunction with each RF port provides wireless medium access to all of the wireless local area subnetworks for mobile units in a designated area associated with the RF port, wherein each RF port is configured to perform low level medium access control (MAC) functions and the cell controller is configured to perform high level MAC functions for the coupled plurality of RF ports;
>
> using the cell controller to provide multiple service set identifications through each RF port, wherein each service set identification is associated with a corresponding wireless subnetwork,
>
> wherein said RF ports are operated to perform low level MAC functions and to relay signals received from mobile units to said cell controller and to relay signals received from said cell controller to said mobile units,
>
> and wherein said cell controller is operated to control association of said mobile units with said RF port, including sending and receiving association signals between said RF port and said cell controller, said association of said mobile units utilizing at least two wireless local area subnetworks occupying common physical space.

29. Pleading alternatively in the event any Defendant alleges that the '396 Patent is invalid due to "the '697 application" or "the '741 application", then Commil USA would show

that the '395 Patent and the '922 Patent interfere to the extent, if any, claim 1 of the '395 Patent claims the same subject matter of claim 1 of the '922 Patent.

30. Upon information and belief, defendant Symbol is the owner and/or has the right to enforce United States Patent No. 7,173,923 ("'923 Patent"), entitled "Security In Multiple Wireless Local Area Networks." A copy of the '923 Patent is attached to this Complaint as Exhibit C.

31. Upon information and belief, on February 9, 2001, United States Application Serial No. 780, 741 ("the '741 application") was filed.

32. Upon information and belief, on October 5, 2001, United States Application Serial No. 037,225 ("the '225 application") was filed, claiming the benefit of the '741 application and the '697 application. On February 6, 2007, the '225 application matured into the '923 Patent.

33. Upon information and belief, claim 1 of the '923 Patent claims:

> A system for providing wireless data communications between mobile units and a wired network operating according to a wireless data communications standard protocol having high level MAC functions and low level MAC functions, comprising:
>
> a plurality of RF ports configured to perform the low level MAC functions of the wireless data communications standard protocol, the RF ports having at least one data interface and a security status, said RF ports being arranged to receive formatted data signals at said data interface and transmit corresponding RF data signals and arranged to receive RF data signals and provide corresponding formatted data signals; and
>
> at least on cell controller separately housed from said plurality of RF ports and configured to perform the high level MAC functions of the wireless data communications standard protocol, the at least one controller arranged to receive data signals from said wired network and to provide formatted data signals corresponding thereto to said data interface of said RF ports and to receive formatted data signals from said RF ports and to provide data

signals corresponding thereto to said wired network, said cell controller controlling association of mobile units with one of said RF ports based on the security status of the one of said RF ports, providing formatted data signals from said mobile units to an associated RF port, and receiving formatted data signals from said mobile unit from said associated RF port.

34. Pleading alternatively in the event any Defendant alleges that the '396 Patent is invalid due to "the '697 application" or "the '741 application", then Commil USA would show that the '395 patent and the '923 Patent interfere to the extent, if any, that claim 1 of the '395 Patent claims the same subject matter of claim 1 of the '923 Patent.

35. The '395 patent has priority over both the '922 and the '923 Patents. Commil USA first conceived of the invention disclosed in the '395 Patent and was diligent in reducing the invention to practice. Alternatively, Symbol failed to act diligently in reducing to practice its alleged invention.

36. The '922 and the '923 Patents are invalid under 35 U.S.C. §§ 102, 103 and 112.

## V. <u>DECLARATORY JUDGMENT AGAINST SYMBOL</u>

37. Commil USA incorporates the allegations set forth in paragraphs 1-36 above.

38. The Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 *et seq.*

39. The claims of the '922 and '923 Patents (the "Symbol Patents") are invalid under one or more of the following statutory provisions: 35 U.S.C. §§ 102, 103 and/or 112.

40. An actual and justifiable controversy requiring declaratory relief exists between Commil USA and Symbol.

41. Symbol's actions are on-going and are continuing to inflict harm on Commil USA as to which there exists no adequate remedy at law.

## VI. JURY DEMAND

42. Commil USA hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VII. PRAYER FOR RELIEF

Commil USA respectfully requests that the Court finds in its favor and grant it the following relief:

A. A Judgment that the '395 Patent is valid and enforceable;

B. A Judgment that Defendants have been and are currently infringing, contributorily infringing and/or inducing others to infringe one or more claims of the '395 Patent;

C. A Judgment for preliminary and permanent injunctions enjoining Defendants from any further acts of infringement of the '395 Patent;

D. Alternatively, a Judgment that the Symbol Patents interfere with the '395 Patent;

E. A Judgment that the '395 Patents has priority over the Symbol Patents;

F. A Judgment that the '922 and '923 patents are invalid under 35 U.S.C. § 102(g);

G. A Judgment and Order requiring Defendants to account for and pay to Commil USA damages adequate to compensate it Defendants' infringement of Commil USA's Patents in an amount to be determined at trial, but in no event less than a reasonable royalty;

H. Damages to Commil USA in treble the amount of actual damages pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 15(a) due to the willful and deliberate nature of Defendants' infringement;

I. An Order pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to Commil USA its reasonable attorneys' fees, costs and expenses;

12

J.      Judgment awarding Commil USA pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct alleged herein; and

K.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Richard A. Sayles
**Richard A. Sayles**
State Bar No. 17697500
**Mark S. Werbner**
State Bar No. 21179700
**John A. Conway**
State Bar No. 00790494
**Eric D. Pearson**
State Bar No. 15690472

**SAYLES | WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 (Telephone)
(214) 939-8787 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**