UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COMMIL USA, LLC,<br><br>                  Plaintiff,<br>   v.<br><br>CISCO SYSTEMS, INC. and ARUBA NETWORKS, INC.,<br><br>                  Defendants. | CIVIL ACTION NO. 2:07-cv-341-DF-CE |

## **PROPOSED JOINT PRETRIAL ORDER**

Pursuant to Federal Rule of Civil Procedure 16, Local Rule CV-16, Plaintiff Commil USA, LLC ("Commil")[1] and Defendants Cisco Systems, Inc. ("Cisco") and Aruba Networks, Inc. ("Aruba") (collectively, "Defendants") jointly submit the following Proposed Joint Pretrial Order with respect to the asserted claims involving U.S. Patent No. 6,430,395 (the "'395 Patent"[2]).

**A.   COUNSEL FOR THE PARTIES**

    **Counsel for Plaintiff Commil USA, LLC**

    Mark S. Werbner (Lead Attorney)
    Richard A. Sayles
    Eve L. Henson
    Mark D. Strachan
    Christopher Hogue
    SAYLES|WERBNER
    *A Professional Corporation*
    4400 Renaissance Tower
    1201 Elm Street

---

[1]    Defendants object to the ambiguous use of "Commil" in all occurrences in Plaintiff's proposed instructions, because it gives the misleading impression that the plaintiff in this case is Commil, Ltd. and not Commil USA, LLC, a separate and unrelated entity.

[2]    Plaintiff has asserted claims 1-6 and 8 in this action.

Dallas, Texas 75270
(214) 939-8700 (Telephone)
(214) 939-8787 (Facsimile)

**Counsel for Defendant Cisco Systems, Inc.**

Jeffrey E. Ostrow
Harrison J. Frahn IV
Patrick E. King
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000
Fax: (650) 251-5002

Otis Carroll
Pat Kelly
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, TX 75703
Tel: (903) 561-1600
Fax: (903) 581-1071

Mike Jones
Patrick C. Clutter, IV
POTTER MINTON P.C.
110 N. College
500 Plaza Tower
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

**Counsel for Aruba Networks, Inc.**

G. William Lavender
LAVENDER LAW
210 N. State Line Ave., Suite 503
Texarkana, AR 71854
Tel:  (870) 773-3187
Fax: (870) 773-3181

Nicholas Groombridge
Paul E. Torchia
Etai Lahav
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

L. Okey Onyejekwe Jr.
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100

**B.   STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1, *et seq*.

**C.   NATURE OF ACTION**

Plaintiff Commil brought this patent infringement lawsuit against Defendants Cisco and Aruba. Commil alleges that Defendants have directly and indirectly infringed Claims 1-6, and 8 of the '395 patent. These claims are all method claims. Commil alleges that Defendants manufacture, make, use, practice, provide, supply, sell, import, distribute, and/or offer for sale products whose use infringes one or more claims of the '395 Patent. Commil alleges that Defendants, as a result of the foregoing acts, have been and are currently directly infringing, contributorily infringing and/or inducing infringement of the '395 patent. Commil seeks damages in the form of reasonable royalties to compensate it for the alleged infringement of the '395 patent, together with prejudgment and post-judgment interests and costs.

Defendants deny they have infringed the asserted claims of the '395 patent and allege that the claims of the '395 patent are invalid. Cisco and Aruba also dispute Commil's claims for damages. Further, Defendants seek a declaratory judgment of non-infringement and invalidity.

Defendants also seek their attorneys' fees pursuant to 35 U.S.C. § 285, as well as their costs.

**D.     CONTENTIONS OF THE PARTIES**

### Commil's Contentions

Plaintiff Commil is the assignee of United States Patent No. 6,430,395 ("the '395 patent"). The asserted claims from the '395 patent are directed to wireless communication systems that allow short-range mobile devices to connect wirelessly to base stations of the system in such a manner that as the mobile device moves from one base station to another, the connection is seamlessly handed off to an adjacent base station without losing the mobile device's connection to the network. In this suit, Commil contends that Cisco and Aruba have directly and indirectly infringed the methods covered by the '395 patent under 35 U.S.C. § 271 through their manufacture, import, sale, offering for sale, and/or use of wireless communications systems that practice the method taught in claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

Commil denies that the '395 patent is invalid or unenforceable for any reason. Commil contends that it has been damaged by Cisco's and Aruba's conduct and seeks both pre-verdict and post-verdict damages up to the time of judgment to compensate it for Cisco's and Aruba's alleged acts of infringement, but in no event, should any award of damages be less than a reasonable royalty. Commil also seeks prejudgment and post judgment interests and costs and attorneys' fees pursuant to 35 U.S.C. § 285. Commil contends that it is entitled to damages from the date of issuance of the '395 patent, August 6, 2002.

### Defendants' Contentions

By providing these contentions, Defendants do not concede that all of these issues are appropriate for trial. In particular, Defendants do not waive any of their motions *in limine* or motions for summary judgment, which, if granted, would render some or all of these issues moot.

1. Defendants contend that they have not infringed, directly or indirectly, any of the

asserted claims of the patent-in-suit.

2. Defendants contend Plaintiff cannot prove by a preponderance of the evidence that Defendants formed the requisite intent for induced infringement or that Defendants possessed the requisite knowledge for contributory infringement.

3. Defendants contend Plaintiff cannot prove by a preponderance of the evidence direct infringement by third parties.

4. Defendants contend Plaintiff cannot prove by a preponderance of the evidence that the functionality in the accused Cisco and Aruba products lacks substantial non-infringing uses.

5. Defendants contend Plaintiff cannot prove by a preponderance of the evidence that any single party directly infringed the '395 patent, and cannot prove by a preponderance of the evidence that Defendants' activities here satisfy the standard for joint infringement laid out in *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), and progeny.

6. Defendants contend the asserted claims of the patent-in-suit are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

7. Defendants contend the asserted claims of the patent-in-suit are invalid because of a prior invention under 35 U.S.C. § 102(g).

8. Defendants contend the asserted claims of the patent-in-suit are invalid because they are rendered obvious in light of the prior art under 35 U.S.C. § 103.

9. Defendants contend the asserted claims of the patent-in-suit are invalid due to lack of enablement, an inadequate written description, and indefiniteness under 35 U.S.C. § 112.

10. Defendants contend that, even if infringement of the asserted claims of the patent-in-suit is found, Plaintiff's proposed damages award is excessive and unsupported.

11. Defendants contend that Plaintiff is barred from recovering damages prior to the filing of the lawsuit because Plaintiff failed to satisfy the requirements of 35 U.S.C. § 287.

12. Defendants contend that Plaintiff is barred from recovering damages for alleged indirect

infringement, including contributory infringement and active inducement of infringement, occurring prior to the filing of the lawsuit because Defendants had no knowledge of the '395 patent prior to the filing of the lawsuit.

13. Defendants contend that Plaintiff's claims for damages are limited by 28 U.S.C. § 1498, including, but not limited to, because Plaintiffs have sought damages for the sale of products to, and for the use of products by, the United States government.

14. Defendants contend Plaintiff has no entitlement to damages for sales of accused products to customers outside of the United States, or for use of those products outside of the United States.

15. Defendants contend this is an exceptional case entitling Defendants to an award of their attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

E. **STIPULATIONS AND UNCONTESTED FACTS**

The parties agree that the following facts are uncontested.

1. Plaintiff Commil is a limited liability corporation organized under the laws of Texas and maintains its principal place of business at 10655 Six Pines Drive, The Woodlands, Texas.

2. Defendant Cisco is a corporation organized under the laws of California and maintains its principal place of business at 170 West Tazman Drive, San Jose, California.

3. Defendant Aruba is a corporation organized under the laws of Delaware and maintains its principal place of business at 1322 Crossman Avenue, Sunnyvale, California.

4. Nitzan Arazi, Haim Barak, and Yaron Soffer filed provisional patent applications with the United States Patent and Trademark Office on April 7, 2000 and then again on June 1, 2000, covering their invention.

5. On February 12, 2001, the named inventors, Nitzan Arazi, Haim Barak, and Yaron Soffer, assigned the rights to their invention to Commil, Ltd.

6. On February 16, 2001, the named inventors filed an application for the issuance of a patent on their invention, which was assigned number 09/784,109.

      7.      On November 15, 2001, their application (number 09/784,109) was published.

      8.      On August 6, 2002, their inventions was issued a patent by the United States Patent and Trademark Office Number 6,430,395 B2 ("the '395 patent").

      9.      On March 18, 2007, Commil became the assignee of the '395 patent.

      10.      The parties have entered into a stipulation that certain documents are authentic and constitute business or public records, pursuant to F.R.E. 803. That stipulation is attached hereto as Exhibit T and incorporated by reference.

## F.    CONTESTED ISSUES OF FACT AND LAW[3]

      1.      Whether Cisco has directly infringed one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

      2.      Whether Aruba has directly infringed one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

      3.      Whether Cisco has induced infringement of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

      4.      Whether Aruba has induced infringement of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

      5.      Whether Cisco is liable for contributory infringement of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

      6.      Whether Aruba is liable for contributory infringement of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

---

[3] Defendants further contest whether any portion of the relief Plaintiff seeks for alleged indirect infringement, including contributory infringement and active inducement of infringement, occurring prior to Commil USA's giving notice of the '395 patent to either defendant is barred.

7. Whether Cisco is liable for joint infringement with third parties of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

8. Whether Aruba is liable for joint infringement with third parties of one of more of Claims 1, 2, 3, 4, 5, 6, and 8 of the '395 patent.

9. Whether the asserted claims of the '395 patent are invalid as anticipated under 35 U.S.C. § 102, because the covered invention is not new or the inventors lost their right to obtain a patent on it.

10. Whether the asserted claims of the '395 patent are invalid as obvious under 35 U.S.C. § 103.

11. Whether the asserted claims of the '395 patent are invalid as not enabled under 35 U.S.C. § 112.

12. Whether the asserted claims of the '395 patent are invalid as not providing an adequate written description as required by under 35 U.S.C. § 112.

13. Whether Plaintiff is entitled to damages to compensate for Cisco's alleged infringement, and, if so, the dollar amount adequate to compensate for the infringement of the '395 patent.

14. Whether Plaintiff is entitled to damages to compensate for Aruba's alleged infringement, and if so, the dollar amount adequate to compensate for the infringement of the '395 patent.

15. Whether, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Defendants' conduct in defending and pursuing its claims of invalidity render this an exceptional case, and whether Plaintiff should be awarded their attorneys' fees incurred in connection with their action.

16. Whether any portion of the relief Plaintiff seeks is barred by 35 U.S.C. § 287, including any damages for alleged infringement occurring prior to Commil's giving notice of alleged infringement of the '395 patent to either defendant.

17. Whether any portion of the relief Plaintiff seeks is barred by 28 U.S.C. § 1498,

including damages for the use of products sold to the United States.

18.     Whether, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Plaintiff's conduct in commencing and pursuing its claims of patent infringement render this an exceptional case, and whether Defendants should be awarded their attorneys' fees incurred in connection with this action.

19.     Whether Plaintiff is entitled to costs and, if so, the dollar amount of costs.

20.     Whether Cisco and/or Aruba are entitled to costs and, if so, the dollar amount of costs.

**G.     LIST OF WITNESS AND DEPOSITION DESIGNATIONS**

Plaintiff's witness list is attached as Exhibit A.

Cisco's witness list is attached as Exhibit B.

Aruba's witness list is attached as Exhibit C.

Plaintiff's deposition designations are attached as Exhibit D.

Defendants' deposition designations are attached as Exhibit E.

Plaintiff's objections to Cisco and Aruba's deposition designations and counter-deposition designations are attached as Exhibit F.

Cisco's objections to Plaintiff's deposition designations and counter-deposition designations are attached as Exhibit G.

Aruba's objections to Plaintiff's deposition designations and counter-deposition designations are attached as Exhibit H.

The parties reserve the right to designate additional deposition testimony to the extent necessary to address exhibit objections that cannot be resolved.

**H.     List of Exhibits**

Plaintiff's exhibit list is attached as Exhibit I; its objections to Cisco's Exhibits is attached as Exhibit J and its objections to Aruba's Exhibits is attached as Exhibit K.  Commil reserves the right to use any document listed in Cisco's or Aruba's exhibit list.

Cisco's exhibit list is attached as Exhibit L; its objections to Plaintiff's Exhibits is

attached as Exhibit M. Cisco reserves the right to use any document listed in Plaintiff or Aruba's exhibit list.

Aruba's exhibit list is attached as Exhibit N; its objections to Plaintiff's Exhibits is attached as Exhibit O. Aruba reserves the right to use any document listed in Cisco or Plaintiff's exhibit list.

The parties reserve the right to use demonstrative exhibits not included on their respective exhibit lists. To the extent that demonstratives have not been exchanged between the parties, each party reserves the right to object to such demonstrative exhibits.

In addition, the parties reserve the right to object to the use of any exhibits on their own or another party's exhibit list, to withdraw any exhibit on their exhibit list, and to object to any other party's attempt to introduce or use any exhibit that has been withdrawn.

**I.  JURY INSTRUCTIONS AND VERDICT FORMS**

The parties' joint proposed instructions are attached as Exhibit P.

Plaintiff's proposed verdict form is attached as Exhibit Q.

Defendants' proposed verdict form is attached as Exhibit R.

**J.  LIST OF PENDING MOTIONS**

The Court is presently considering the following motions:

1. Cisco and Aruba's Motion for Summary Judgment (Dkt. # 218)
2. Aruba's Motion for Summary Judgment (Dkt. # 217)
3. Defendants' Motions *in Limine*
4. Commil's Motions *in Limine*

**K.    PROBABLE LENGTH OF TRIAL**

<u>Plaintiff</u>:

The probable length of trial is five days, exclusive of jury selection.   Commil requests that each side be limited to 12 hours of trial time, not including jury selection, opening statements, and closing argument.

<u>Defendants</u>:

The probable length of trial is six days, exclusive of jury selection.  Defendants request that each side be limited to 18 hours of trial time, not including jury selection, opening statements, and closing argument.

**L.    MANAGEMENT CONFERENCE LIMITATIONS**

The parties have agreed to identify each witness that will be testifying at trial and the exhibits, including demonstratives, that will be used during the direct examination of that witness by _____ the day before the witness will be called to testify.

**M.    CERTIFICATION**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Except as otherwise set forth in discovery motions, motions *in limine*, and the parties' objections, or by agreement of the parties, full and complete disclosure has been made in accordance with Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and the Court's orders;

(2)    Except as otherwise set forth in discovery motions, motions *in limine*, and the parties' objections, or by agreement of the parties, the parties have complied with any discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and the Court's orders;

(3)    Each exhibit in the exhibit lists herein:

   (a)    is in existence;

   (b)    is numbered; and

-11-

       (c)    (aside from demonstratives) has been disclosed and shown to opposing counsel.

**Approved as to form and substance:**

_____
Attorney for Commil USA

_____
Attorney for Cisco

_____
Attorney for Aruba

## **CERTIFICATE OF SERVICE**

       This is to certify that all counsel of record are being served with a copy of this document via electronic mail on this the 13th day of April, 2010.

                                             /s/ Mark S. Werbner_____
                                             Mark S. Werbner