**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COMMIL USA, LLC, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | Civil Action No. 2:07-CV-341 (CE) |
| CISCO SYSTEMS, INC. and ARUBA NETWORKS, INC. | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

**ARUBA'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING ADDITIONAL EVIDENCE**

**ARUBA'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING ADDITIONAL EVIDENCE**

Earlier today, Commil submitted to the Court several additional documents in support of its opposition to Aruba's Motion for Summary Judgment of Non-Infringement. None of these documents, even if Commil's arguments about them are accepted at face value, provides any evidence that Aruba's products infringe. Notably, Commil's technical expert has never opined that the 802.11 state machine that is the subject of these documents meets the "instance" limitation of the asserted patent claims. Commil had every opportunity to timely present this new theory—Commil's third infringement theory to date—because it is based on old documents and old technology that Commil has known about for years. Commil chose not do so precisely because this new theory has flaws that are just as deep as those of its predecessors presented in opposition to Aruba's summary judgment motion.

**I.   THE 802.11 STATE MACHINE IS TOTALLY DIFFERENT FROM THE CAPWAP STATE MACHINE THAT COMMIL'S EXPERT RELIED UPON IN HIS REPORT**

Commil based its entire infringement theory in this case on the incorrect premise that Aruba practices the CAPWAP standard.[1] At the pretrial conference, the Court specifically inquired into the evidence supporting Commil's allegation that Aruba practices the "CAPWAP state machine," which Commil contends satisfies the "instance" limitations of claim 1. Counsel

---

[1] As Aruba explained in its prior papers, Commil's expert, Mr. McAlexander, relied on CAPWAP for the basis of his allegations of infringement for three limitations of claim 1. *See, e.g.,* Docket No. 217 (Aruba's Motion for Summary Judgment), at 3-4. He alleged that "the CAPWAP protocol, in conjunction with the 802.11 wireless communication standard, is the claimed short range communication protocol." Docket No. 217, Exh. 1.A (McAlexander Report), at A-a9 (emphasis added). Commil's expert further stated, without qualification, that "the state of the CAPWAP state machine that is associated with the respective packet in the Aruba Base Station (Access Port), while processing that particular packet, is the claimed instance of the low-level protocol at the Base Station connected with the mobile unit." *Id.* at A-a28. Finally, he alleged that "the CAPWAP state machine in the Aruba Switch (Mobility Controller) associated with a respective packet, while processing that particular packet, is the instance of the high-level protocol at the Switch." *Id.* at A-a29.

for Aruba explained that there was no CAPWAP state machine, and that the 802.11 state machine that Commil identified for the first time at the pretrial conference was nothing like the CAPWAP state machine.

The 802.11 and CAPWAP state machines are fundamentally different, particularly with respect to the functionality at issue in this case.  Commil's expert relied upon the CAPWAP state machine in this case because the CAPWAP specification expressly talks about the separate "instances" of the CAPWAP state machine running on the alleged base station and alleged switch:

> Since the WTP [base station] only communicates with a single AC [switch], it only has a single instance of the CAPWAP state machine.  The AC has a separate instance of the CAPWAP state machine per WTP it is communicating with.[2]

That is simply not how the 802.11 state machine works.  There is no requirement in 802.11 that one run separate instances of the 802.11 state machine.[3]  There is not a shred of evidence from the 802.11 specification that suggests otherwise, and the absence of any argument by Commil to the contrary is telling.  Nor is there any evidence from Aruba's documents that Aruba implements separate instances of the 802.11 state machine on its access points and controllers.  That is because Aruba does not do so.

---

[2] Docket No. 217, Exh. 1.A (McAlexander Report), at A-a28 (quoting a CAPWAP specification).  This theory, even if accepted, has a number of other flaws, not at issue in Aruba's CAPWAP-based motion, as described in Defendants Joint Motion For Summary Judgment.  See Docket No. 218.

[3] The purpose of these two state machines is fundamentally different.  The 802.11 state machine tracks the state of connections between clients and access points, whereas the CAPWAP state machine maintains state about connections between access points and controllers.

Mere similarity in the use of the term "state machine" cannot be used to suggest that the 802.11 state machine is similar to the CAPWAP state machine.[4] Commil has not even attempted to make any showing that these documents say anything about how the 802.11 state machine actually works, much less that it would satisfy the claim limitations of the '395 patent.

## II. COMMIL'S THEORY REGARDING THE 802.11 STATE MACHINE IS BRAND NEW AND HAS NEVER BEEN DISCLOSED, EXPLAINED, OR TESTED BY ANYONE

Commil knowingly based its infringement theory in this case on the CAPWAP standard, and never presented a shred of evidence about the 802.11 state machine in its infringement contentions, expert reports, or even in response to Aruba's summary judgment motions. Aruba submits that Commil did so because the 802.11 standard, unlike the CAPWAP standard, does not require separate instances of the state machine to be maintained on the access points and controllers. Commil did not oppose Aruba's motions for Summary Judgment with this new theory even after Aruba specifically pointed to the defect in Commil's "CAPWAP state machine" evidence, because Commil knew well that it would have simply opened up new holes in its case.

Commil's 802.11 state machine theory has consequently never been disclosed, tested, or discussed by any of the experts in this case. This theory was never mentioned in Commil's infringement contentions. Mr. McAlexander did not say a word about the 802.11 state machine in his report, not a word about it in his deposition,[5] and not a word about it even in the new theory he submitted in opposition to Aruba's summary judgment, which he submitted <u>after</u> he became aware that Aruba does not practice the CAPWAP standard. Aruba would be manifestly

---

[4] A showing that the 802.11 state machine was similar to the CAPWAP state machine would not, in any event, be evidence that the 802.11 state machine meets the instance limitation of the 395 patent.

[5] Commil's suggestion that Mr. McAlexander discussed the 802.11 state machine is not borne out by his testimony, which does not mention the 802.11 state machine.

prejudiced were Commil allowed to come to trial with an undisclosed, unexplored theory revealed for the first time only days before trial.

The reasons for Commil's decision not to rely on the 802.11 state machine until the last minute are deeply substantive. Commil has come forward with no competent evidence regarding the instance limitation because there is no evidence, and Aruba's motion should be granted.

| DATED: May 4, 2010 | Respectfully submitted, |
|---|---|
| | By: /s/Nicholas Groombridge<br>Nicholas Groombridge<br>Paul E. Torchia<br>Etai Lahav<br>WEIL, GOTSHAL & MANGES LLP<br>New York Office<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>nicholas.groombridge@weil.com<br>paul.torchia@weil.com<br>etai.lahav@weil.com<br><br>L. Okey Onyejekwe Jr.<br>WEIL, GOTSHAL & MANGES LLP<br>Silicon Valley Office<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Telephone: (650) 802-3000<br>Facsimile: (650) 802-3100<br>okey.onyejekwe@weil.com |
| | T. John Ward Jr.<br>Texas Bar No. 00794818<br>Ward & Smith Law Firm<br>111 W. Tyler St.<br>Longview, TX 75601<br>(903) 757-6400 |

|  | Fax: (903) 757-2323<br>jw@jwfirm.com |
|---|---|
|  | G. William Lavender<br>Texas Bar No. 11999590<br>LAVENDER LAW<br>210 N. State Line Ave., Suite 503<br>Texarkana, AR 71854<br>Telephone: 870-773-3187<br>Fax: 870-773-3181<br>blav@lavenderlaw.com<br><br>*Counsel for Aruba Networks, Inc.* |

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rules this 4th day of May, 2010.

                                                                _____/s/ Nicholas Groombridge_____
                                                               Nicholas Groombridge