UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMIL USA, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:07-cv-341-CE |
| CISCO SYSTEMS, INC. | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR NEW TRIAL
ON ISSUES OF INDIRECT INFRINGEMENT & DAMAGES**

Plaintiff Commil USA, LLC, ("Commil") files this Reply in Support of Plaintiff's Motion for a New Trial on the Issues of Indirect Infringement and Damages (Doc. 353) and would respectfully show the Court as follows:

### I.   INTRODUCTION

"Awards influenced by passion and prejudice are the antithesis of a fair trial."[1]

Morning of May 12, 2010.  Cross examination of Jonathan David by Otis Carroll.

```
20   Q.  Well, did you eat dinner with him?  Did you
21   talk to him?  Did you say hi to him?
22   A.  I had dinner at Bodacious Barbecue with him.
23   Q.  I bet not pork.
24   A.  That's correct.
```

Afternoon at May 17, 2010, following return of verdict.

```
10   THE COURT:  All right.  Mr. Carroll.
11   MR. CARROLL:  Yes, Your Honor.
12   THE COURT:  I do not believe that you
13   would ever intentionally try to hurt somebody because of
```

---

[1] *Whitehead v. Food Max of Miss., Inc.,* 163 F.3d 265, 276 (5th Cir. 1998).

```
14  that person's exercise of religious practice, but be
15  that as it may, I am having a difficult time struggling
16  with whether or not the question you propounded to Mr.
17  David affected the jury's ability to discharge the
18  functions for which they were empaneled in this case.
19           I'll entertain a Motion for New Trial,
20  and I'll take it up on the papers.  I just want you to
21  know that's how I feel about this, all right, sir?
```

Plaintiff filed its Motion for New Trial based upon the plain error of Cisco's comment compounded by other comments made throughout the trial. These comments were not directed at the issues presented by the case, but rather at inviting the jury to view Plaintiff as different from them with a constant attack upon the person of Jonathan David. For this reason, the relief requested by Plaintiff is entirely appropriate.

## II.   THE COURT'S CONCERN IS WELL-FOUNDED

### A.   Cisco admits the "pork" comment was inappropriate.

Mr. Carroll as well as his co-counsel and Cisco's in-house counsel proffered declarations condemning the comment. While Cisco has asserted the "pork" comment was an isolated incident, its position is belied by the numerous other comments enumerated in Plaintiff's Motion.

### B.   The harm was not cured

Despite Cisco's bold assertion that the Court's instruction to the jury regarding Cisco's "pork" comment cured any harm, the comment was so inappropriate and prejudicial that the harm could not be ameliorated by instruction. Furthermore, any potential cure was subsequently rendered ineffective as Cisco continued to agitate the wound through subsequent inappropriate religious related comments, e.g. "the most important trial in history," "shrine," and "squeal." Regardless of the intent underlying these remarks, once Cisco made its "pork" comment, the only possible chance for the

Court's instruction to be effective would have been complete abandonment by Cisco of any further references to religion, religious practices, and other such distinguishing personal attacks on Plaintiff's CEO Jonathan David. Because the subsequent comments by Cisco eliminated any curative effects of the Court's instruction, the "pork" comment did indeed result in a manifestly unfair verdict.

### C. Unfortunately, the "pork" comment was not an isolated incident.

Cisco has not denied making these other comments, enumerated in Plaintiff's Motion, which provided an environment that allowed the initial prejudice to continue. Rather, Cisco has again attempted to minimize each comment by denying its isolated impact. The law requires such comments to be read as a whole, not in isolation. When viewed as a whole, one can only conclude the prejudice of the "pork" comment, which was compounded daily by other comments and which culminated in the accusation that Plaintiff's objection during closing argument was analogous to a "squeal," impacted jury's ability to be fair and impartial.

### D. Inadequate damages

Cisco has miscast the injury to Plaintiff by characterizing the jury's damages award as a great victory for Plaintiff. While the jury's award adopted Cisco's damage valuation, the precise valuation is incongruous with the jury's verdict on the type of infringement found. Since Cisco's comments were not relevant to infringement or validity, the comments had no place in this trial; and undeniably, made their impact on the jury's ultimate determination of damages. The jury's verdict of $3.7 million is wholly inadequate to compensate Plaintiff. Furthermore, the award does not fit with the jury's liability findings. The jury awarded Cisco's suggestion for damages from indirect

infringement, but there was no such finding by the jury. This incongruity of the award itself is compelling evidence to show the verdict was improperly influenced by prejudice.

### E.     Plain error

As noted in *Hall vs. Freese,* irrelevant comments that demonstrate an appeal to the jury's biases and prejudices about a particular person's status justify a new trial even if plaintiff is awarded damages by the jury.[2] The Court need not find that each individual statement was so improper as to justify a new trial, but only that the totality of the remarks prejudiced the jury's findings.[3] In this context, error requiring a new trial is that which is plain, affects the other party's substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]

### F.     Scope of New Trial

Finally, Cisco has not contested Plaintiff's request that if a new trial is granted, the new trial should be limited to the issues of indirect infringement and damages. A new trial may be limited to the issues affected.[5] Otherwise, Cisco would be rewarded for its inappropriate comments with a chance to re-litigate the issues found against it. Contrary to Cisco's assertion, Plaintiff does not seek a second bite at the apple, but rather a fair trial of the issues prejudiced by Cisco's comments. Accordingly, to prevent manifest injustice and preserve the integrity of our judicial system, the Court should adopt the jury's findings of direct infringement and validity, and grant a new trial with regard to indirect infringement and damages.

---

[2] *Hall v. Freese,* 735 F.2d 956, 962 (5th Cir. 1984).
[3] *Whitehead,* 163 F.3d at 278.
[4] *Alaniz v. Zamora-Quezada,* 591 F.3d 761, 776 (5th Cir. 2009).
[5] *Whitehead,* 163 F.3d at 278 (holding where damage award was improperly influenced by prejudice, the new trial need be only on affected issue of damages).

## III.  CONCLUSION

Following a rendition of the verdict, the Court stated that regardless of the intent of Cisco's counsel, he was concerned that the comment did result in improper verdict. A complete examination of the record demonstrates the Court's concern was well-founded. Plaintiff therefore requests that the Court grant its Motion for New Trial, accepting the findings of the jury with regard to direct infringement and validity, and ordering a new trial only on the affected issues of indirect infringement and damages.

Respectfully submitted,

/s/

**Mark D. Strachan**
State Bar No. 19351500
**Richard A. Sayles**
State Bar No. 17697500
**Mark S. Werbner**
State Bar No. 21179700
**Eve L. Henson**
State Bar No. 00791462
**SAYLES WERBNER**
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 (Telephone)
(214) 939-8787 (Facsimile)

**ATTORNEYS FOR COMMIL USA, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2010, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) as well as served electronically. As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/
Mark D. Strachan