## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| COMMIL USA, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-341 |
| | § | |
| CISCO SYSTEMS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff Commil USA, LLC's ("Commil") motion for new trial on issues of indirect infringement and damages (Dkt. No. 353). Commil argues that, during the trial of this case, the defendant Cisco System, Inc.'s ("Cisco") counsel made various comments that served to engender prejudice against Commil's owner and the inventors of the patent-in-suit. Commil contends that these statements prejudiced its right to a fair trial. As such, Commil requests that the court grant a new trial on the issues of indirect infringement and damages. After carefully considering the parties' arguments, the court is of the opinion that Cisco's counsel's statements regarding religious preferences were improper, and as such, the court GRANTS Commil's motion for new trial.

## I.     Background

On May 11, 2010, a jury trial commenced in this case. On May 17, 2010, the case was submitted to the jury, and the jury returned a verdict finding that U.S. Patent No. 6,430,395 ("'395 Patent") was valid and that Cisco had directly infringed the patent. The jury, however, did not find that Cisco had induced infringement of the '395 Patent. The jury awarded Commil $3,726,207 to compensate for Cisco's direct infringement. On June 21, 2010, Commil filed this motion for new trial on the issues of indirect infringement and damages.

## II.      Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(a) the court "may, on motion, grant a new trial on all or some of the issues–and to any party . . . after a jury trial for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ."  FED. R. CIV. P. 59(a).  The regional circuit law applies to motions for new trials.  *See Riverwood Intern. Court v. R.A. Jones & Co., Inc.,* 324 F.3d 1346, 1352 (Fed. Cir. 2003).   In the Fifth Circuit, "[t]he decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law."  *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

The Fifth Circuit has explained that "awards influenced by passion and prejudice are the antithesis of a fair trial."  *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276 (5th Cir. 1998).  In *Hall v. Freese*, the Fifth Circuit concluded that irrelevant attorney argument meant to appeal to the jury's biases and prejudices about a particular person's status justified a new trial.  *Hall v. Freese*, 735 F.2d 956 (5th Cir. 1984).   The court, however, warned that when no objection is raised during trial, improper attorney argument may be the basis for a new trial only 'where the interest of substantial justice is at stake.'"  *Id.* at 961 (quoting *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 286 (5th Cir. 1975)).  In determining whether to grant a new trial based on improper attorney argument, the court must consider "the comments of counsel, the counsel's trial tactics as a whole, the evidence presented, and the ultimate verdict."  *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009) (quoting  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 765 (5th Cir. 1989)).  The court need not find that each individual statement was so improper as to justify a new trial, but only that the totality of the remarks prejudiced the jury's findings.  *Whitehead*, 163 F.3d at 278.

### III.     Analysis

Commil bases its motion for new trial on, among other things, inappropriate comments made by Cisco's counsel during trial.  Jonathan David, one of the owners of Commil and its client representative, is Jewish.   While cross-examining Mr. David, Cisco's counsel inquired whether Mr. David had met with Nitzan Arazi, one of the inventors on the '395 Patent, while in Marshall, Texas for the trial.   Mr. David responded affirmatively, explaining that they had had dinner at a barbeque restaurant, to which Cisco's counsel inexplicably responded: "I bet not pork."   Trial Transcript, May 12, 2010 (morning session), at 146:23.   When the court asked Cisco's counsel to explain the relevance of his comment, Cisco's counsel admitted that it had no relevance to any issue in the case.   *Id.* at 158:2-6.   Thereafter, Cisco's counsel apologized to the witness, and the court gave a curative instruction.

Although Cisco's counsel acknowledged that his pork comment was inappropriate, he nevertheless proceeded to make further remarks regarding religious practices.   Cisco's counsel's closing argument began:

> Ladies and Gentlemen of the Jury, you are, in this case, truth-seekers. You are charged with the most important job in this courtroom, and that's determining the truth
> . . .
> And when you figure out what the truth is, you'll know how to answer that verdict form. You remember the most important trial in history, which we all read about as kids, in the Bible had that very question from the judge. What is truth?

Trial Transcript, May 17, 2010 (afternoon session), at p. 16:1-16.  Cisco's counsel was referring to the trial of Jesus, which was presided over by Pontius Pilate.   This argument, when read in context with Cisco's counsel's comment regarding Mr. David and Mr. Arazi's religious heritage, impliedly aligns Cisco's counsel's religious preference with that of the jurors and employs an "us v. them" mentality – i.e., "we are Christian and they are Jewish."

When these comments are considered as a whole, the court concludes that the comments prejudiced the jury's findings regarding indirect infringement and damages.  These comments had a tendency to appeal to the prejudices of the jurors.  *See Hall*, 735 F.2d at 960-61.  As such, even though no objections were made to these remarks, the court is convinced that the jury's verdict is inconsistent with substantial justice, and Commil's motion for new trial is GRANTED.

## IV.    Conclusion

For the forgoing reasons, the court GRANTS Commil's motion for new trial on the issues of indirect infringement and damages (Dkt. No. 353).  Jury selection for the new trial on indirect infringement and damages is set for April 4, 2011 at 9:00 a.m., and the pre-trial conference is set for March 24, 2011 at 9:30 a.m.

SIGNED this 29th day of December, 2010.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE