**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COMMIL USA, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-341 |
| | § | |
| CISCO SYSTEMS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Pending before the court are defendant Cisco Systems, Inc.'s ("Cisco") motions for: (1) reconsideration or, in the alternative, clarification of the court's order granting a new trial on the issues of indirect infringement and damages (Dkt. No. 362); and (2) certification of the new trial order for interlocutory appeal (Dkt. No. 368). For the reasons discussed below, the court DENIES the motions.

### II. Factual and Procedural Background

On December 29, 2010, the court issued a memorandum opinion and order granting plaintiff Commil USA, LLC's ("Commil") motion for new trial on the issues of indirect infringement and damages. The court concluded that Cisco's counsel's statements regarding religious preference were improper and that the jury's verdict was inconsistent with substantial justice. The court incorporates by reference the factual and procedural background as discussed in its December 29, 2010 opinion.

### III. Discussion

#### A. Reconsideration

Motions for reconsideration serve a very limited purpose: "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem*

*Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *AMP Plus, Inc. v. Texas Instruments, Inc.*, No. Civ.A.3:04CV2636-R, 2006 WL 522108 at *2 (N.D. Tex. 2006) (quoting *Texas Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)). A Rule 59(e) motion for reconsideration "calls into question the correctness of a judgment." *Templet*, 367 F.3d at 479 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Rule 60(b) sets out five specific bases for granting relief from a final order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge or release of the judgment. FED. R. CIV. P. 60(b). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds – such relief "will be granted only if 'extraordinary circumstances' are present." *AMP Plus*, 2006 WL 522108 at *2 (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

In its motion for reconsideration, Cisco seeks reconsideration under Rules 59(e) and 60(b)(6) of the court's order granting a new trial. Cisco argues that the court committed numerous manifest legal errors in its order. First, Cisco argues that the court's order is

inconsistent with the Fifth Circuit's recent decision in *U.S. v. Morin*, 627 F.3d 985, 1000 (5th Cir. 2010). Second, Cisco argues that the court's finding of partial prejudice (i.e., the court concluded that the jury's verdict was tainted only as to indirect infringement and damages – not direct infringement and invalidity) is belied by the factual record and conflicts with binding precedent. Finally, Cisco argues that if the court does not grant its motion for reconsideration, then the court should clarify the scope of its new trial order by: (1) ordering Commil to refrain from making reference to the damages verdict rendered in the first trial; (2) preventing Commil from reasserting the contributory infringement claims it withdrew during the first trial; and (3) confirming that the court will not instruct the jury that certain issues have already been decided in another trial.

    i. *The Fifth Circuit's Decision in Morin*

Cisco argues that the Fifth Circuit's recent decision in *U.S. v. Morin*, 627 F.3d 985, 1000 (5th Cir. 2010), requires that the court deny Commil's motion for new trial. In *Morin*, the court addressed whether to grant a new trial based on an unsubstantiated suggestion that the defendant had contacted "'other drug dealers.'" *Id.* Despite finding that the prosecutor's question was "obviously improper," the Fifth Circuit declined to disturb the district court's conclusion that the question did not affect the defendant's substantial rights. The court first reiterated the long-standing principle that "the trial judge's on-the-scene assessment of the prejudicial effect [of an improper remark], if any, carries considerable weight." *Id.* (quoting *United States v. Munoz*, 150 F.3d 401, 415 (5th Cir.1998)). The court then explained that the record in *Morin* supported the district court's conclusion because the prosecutor's improper comment "was a solitary, isolated event." *Id.* Moreover, the court noted that the prosecutor "never attempted to raise the line of questioning again and did not refer to the question in closing." *Id.* Finally, the court found that

3

the trial judge "further 'mitigated the prejudicial effect' of the question through general instructions admonishing the jury that the remarks of the attorneys are not evidence and that the jurors must base their decision on evidence." *Id.* (quoting *Munoz*, 150 F.3d at 415). After considering the totality of the evidence arrayed against Morin and giving considerable weight to the trial judge's conclusions regarding the prejudicial effect of the prosecutor's remark, the court concluded that the "isolated question did not affect the jury's verdict." *Id.*

The court is not persuaded that the Fifth Circuit's decision in *Morin* requires that this court reconsider its decision to grant a new trial in this case. As the *Morin* court noted, this court is in the best position to evaluate the prejudicial effect of Cisco's counsel's improper comments on Commil's substantial rights and the jury's verdict. The court did just that and concluded that the prejudicial effect warranted a new trial. As such, the court concludes that the totality of the record justifies this court's decision to grant a new trial.

    ii.  *Partial Prejudice*

As the court explained in its order granting a new trial, the jury found for Commil on validity and direct infringement and awarded Commil 3.7 million in damages. The jury, however, found that Cisco did not induce infringement of the patent-in-suit. Commil requested that the court evaluate the prejudicial effect of Cisco's counsel's improper religious comments on the issues of induced infringement and damages. The court did so and granted Commil's motion for new trial on those issues.

Cisco's argument that the record does not support the court's conclusion that Cisco's counsel's improper statements prejudiced only the issues of induced infringement and damages was already rejected by the court when it granted the motion for new trial. *AMP Plus*, 2006 WL 522108 at *2 ("a motion for reconsideration is not 'the proper vehicle for rehashing old

4

arguments'"). As mentioned above, this court is in the best position to evaluate the prejudicial effect of Cisco's counsel's improper religious comments on Commil's substantial rights and the jury's verdict. The court is not persuaded that it committed a manifest error of law or fact in granting the partial new trial. Therefore, the court denies Cisco's motion for reconsideration on the grounds that the court's finding of partial prejudice is unsupported by the record. *Id.*

Furthermore, the court concludes that Cisco waived its arguments[1] that controlling precedent precludes the court's finding of partial prejudice. *Templet*, 367 F.3d at 479 (stating that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") As pointed out by Commil in its reply brief to its motion for new trial (Dkt. No. 355), Cisco's response to the motion for new trial never contested Commil's contention that if the court granted a new trial, that trial should be limited to the issues of indirect infringement and damages. In addition, Cisco forwent its opportunity to file a surreply brief, where it had another chance to make the very arguments it now advances in its motion for reconsideration. *See* Local Rule CV-7(f). As such, the court rejects Cisco's argument that the court should reconsider its decision to grant a partial new trial on the grounds that the court's decision is in conflict with binding precedent.[2]

iii. *Clarification of New Trial Order*

In its request for clarification, Cisco asks the court to issue an order: (1) directing Commil to refrain from making reference to the damages verdict rendered in the first trial; (2)

---

[1] This includes Cisco's arguments that: (1) Federal Circuit case law precludes a finding of partial prejudice with respect to related infringement and validity issues; (2) binding Fifth Circuit case law precludes a finding of partial prejudice whenever the issues are inextricably "interwoven"; and (3) binding Fifth Circuit case law precludes a finding of partial prejudice where the jury has rendered a compromise verdict.

[2] In its motion for reconsideration, Cisco includes what is seemingly a motion for judgment as a matter of law, arguing that any new trial on inducement would be futile as a matter of law. To the extent that Cisco seeks affirmative relief in the form of a judgment as a matter of law, such relief is improper at this juncture.

5

preventing Commil from reasserting the contributory infringement claims it withdrew during the first trial; and (3) confirming that the court will not instruct the jury that certain issues have already been decided in the first trial. Although Commil represents that it will not reference the prior jury's verdict on damages and will not revive its claim for contributory infringement, Commil argues that it is premature to take up these issues and suggests that they can be more properly addressed in a motion in limine or at the final pre-trial conference. The court agrees with Commil and concludes that the court will be in the best position to address these issues at the final pre-trial conference.

### B. Certification

In its motion for certification, Cisco argues that the court's order granting a new trial is subject to immediate appeal under 28 U.S.C. § 1292(b). An order is appropriate for certification if (1) it involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Litton Systems, Inc. v. Raytheon Co.*, Misc. No. 344, 1992 WL 276681, *2 (Fed. Cir. 1992); *see also Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Satisfying these three statutory criteria is not always sufficient, "as district court judges have unfettered discretion to deny certification even when all three are satisfied." *Marsall v. Portland*, No. CV-01-1014-ST, 2004 WL 1774532, at *1 (D. Or. Aug. 9, 2004) (internal quotations omitted); *see also Gallimore v. Miss. Pac. R.R.*, 635 F.2d 1165, 1168 (5th Cir. 1981) ("[t]his court's denial of…[a petition for certification]…may be for any of a number of reasons largely unrelated to the perceived merits of the order sought to be appealed from, particularly in the context of interlocutory appeals from orders granting new trials.")

Cisco contends that the court's order involves multiple controlling questions of law as to which there are substantial grounds for difference of opinion, including: (1) whether the court's grant of a new trial on only two of many closely related issues is inconsistent with controlling precedent; (2) whether it is permissible to instruct the new jury that Cisco has already been found to directly infringe the patent-in-suit or that the patent has already been deemed valid; and (3) whether the court's grant of a new trial is appropriate in light of *Morin*, 627 F.3d at 1000.

First, considering that the court has concluded that Cisco waived its argument that the court's grant of a partial new trial is contrary to controlling precedent, the court denies Cisco's motion to certify this issue for appeal. Second, the court is not convinced that any issues regarding the court's prospective jury instructions are subject to substantial grounds for difference of opinion. Generally, substantial grounds for difference of opinion are found where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*DuPree v. Kaye*, Civil Action No. 3:07-CV-0768-B ECF, 2008 WL 294532, *3 (N.D. Tex. 2008) (citing 24 AM. JUR. 2D APPELLATE REVIEW § 123 (2007)). Courts have even found "a question of first impression, standing alone, insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2nd Cir. 1996). The satisfaction of this requirement is reserved for "difficult and pivotal questions of law not settled by controlling authority." *Caraballo-Seda v. Municipality of Hormiqueros*, 395 F.3d 7, 9 (1st Cir. 2005). The court is not persuaded that the present case meets this requirement, and therefore, denies Cisco's motion to certify any issues regarding the court's prospective jury instructions.

Finally, because the issue of whether the court's grant of a partial new trial was appropriate in light of *Morin* does not involve a pure question of law, the court denies Cisco's motion to certify the issue for interlocutory appeal. *U.S. v. Morin*, 627 F.3d 985, 1000 (5th Cir. 2010). Certification is proper only in circumstances involving a pure issue of law – i.e., a question the appellate court can efficiently decide without making an intensive inquiry into the record. *See Pittway Corp. v. Fynetics, Inc.*, 9 F.3d 977 (Fed. Cir. 1993) ("[f]or proper certification, it is necessary 'that the order involve a clear-cut question of law against a background of determined and immutable facts.'"); *Raber v. Pittway Corp.*, 17 F.3d 1444 (Fed. Cir. 1993) ([g]iven the limited applicability of the question and its connection with the facts of this case, we do not consider this order appropriate for immediate review…."); *Smith v. AET Inc., Ltd.*, Civil Action Nos. C-07-123, C-07-124, C-07-126, 2007 WL 1644060, *6 (S.D. Tex. 2007) (concluding that the orders were not appropriate for interlocutory review because the "arguments set forth in regard to both appealed orders are heavily fact-based and necessarily involve a review of the factual record."). The issue of whether the <u>facts</u> of *Morin* are sufficiently similar to the <u>facts</u> of this case is a prime example of an issue that would require the appellate court to make an intensive inquiry into the record of this case. Cisco's argument to the contrary is untenable in light of the fact that it spent a substantial portion of its motion for reconsideration exploring the facts of *Morin* and then applying those facts to the record in this case. As such, the court denies Cisco's motion for certification of this issue.

**IV.     Conclusion**

For the foregoing reasons, the court DENIES Cisco's motions for: (1) reconsideration or, in the alternative, clarification of the court's order granting a new trial on the issues of indirect infringement and damages (Dkt. No. 362); and (2) certification of the new trial order for

interlocutory appeal (Dkt. No. 368). The court is not persuaded that it committed a manifest error of law in granting Commil's motion for partial new trial on the issues of indirect infringement and damages. Furthermore, the court is not convinced that the issues presented for appeal meet the requirements of 28 U.S.C. § 1292(b).

SIGNED this 23rd day of February, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE