**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **COMMIL USA, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:07-cv-341** |
| | § | |
| **CISCO SYSTEMS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S BRIEF CONCERNING CISCO'S ALLEGED "GOOD FAITH INVALIDITY DEFENSE"**

TO THE HONORABLE COURT:

Plaintiff respectfully requests leave to submit this brief for the Court's consideration. Given the beginning of trial in this matter on Monday, April 4, 2011, the request for leave is submitted with the Brief. This is an important issue for the trial which first arose at the Final Pre-Trial Conference on March 24, 2011. Authorities on the issue exist that Cisco has failed to bring to the Court's attention.

**A. All Validity Issues Were Resolved in Commil's Favor in the First Trial and Are No Longer Relevant**

Cisco should not be permitted to present invalidity evidence unless such evidence is (a) relevant to a claim at issue (Fed. R. Evid. 401); and (b) not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence (Fed. R. Evid. 403). With respect to the matters at issue in the upcoming trial, Cisco's evidence relating to the validity of Commil's patent fails both prongs.

All issues of validity were resolved in Commil's favor in the previous trial.  The only remaining issues to be presented for resolution in the upcoming trial are inducement and damages.  Cisco has not argued that its validity evidence is relevant to damages.  Accordingly, the only question is whether this evidence is relevant to inducement.  It is not, and it would be wrong to allow Cisco to present invalidity evidence in the face of the jury verdict that Commil's patent is valid.

As the Federal Circuit has made clear, the issue of infringement is separate and distinct from the issue of validity:

> [T]his court has long recognized that patent infringement and invalidity are separate and distinct issues.  "**Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity**."

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003) (emphasis added) (quoting *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983).  This pronouncement from the Federal Circuit underscores the misleading nature of Cisco's central argument that "it is indisputable that one cannot infringe an invalid patent" (Cisco Br. at 1).  Moreover, under Federal Circuit law, inducement is a question of infringement, not validity:  "[I]nducement requires that an alleged infringer knowingly induced <u>infringement</u> and possessed specific intent to encourage another's <u>infringement</u>."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part; emphasis added; quotation marks omitted).  The test for infringement, in turn, is well established:  "An infringement analysis involves two steps. First, the court determines the scope and meaning of the patent claims asserted, and then the properly construed claims are compared to the allegedly infringing device."  *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc;

citations omitted).  As the en banc *Cybor* opinion makes clear, infringement is to be determined without regard to matters of validity.

Cisco admits that the Federal Circuit has never held that a defendant's beliefs with respect to the validity of a patent are relevant to whether that defendant has induced infringement.  Cisco Br. at 1. The snippets of Federal Circuit cases cited by Cisco come from entirely different contexts and are best viewed as judicial shorthand that was used in circumstances where invalidity of the patent resolved all questions of <u>liability</u>, and thus mooted issues relating to infringement. *See Pandrol*, 320 F.3d at 1365 ("Though an invalid claim cannot give rise to <u>liability</u> for infringement, whether it is <u>infringed</u> is an entirely separate question capable of determination without regard to its validity." (emphasis added)); *cf. High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1556 (Fed. Cir. 1995) ("[T]he manufacturer may be held <u>liable</u> for infringement if the device, as altered or assembled, <u>infringes</u> a <u>valid</u> patent." (emphasis added)).

For example, *Prima Tek II, L.L.C. v. Polypap, S.A.R.L.* (cited on page 2 of Cisco's brief) involved two appeals: (1) the accused infringer appealed the district court's judgment that the asserted patent was infringed and not invalid; and (2) the patentee cross-appealed the district court's judgment that the accused infringer was not liable for inducement or contributory infringement.  412 F.3d 1284, 1285 (Fed. Cir. 2005). Because the Federal Circuit concluded that the asserted claims were invalid, it "dismiss[ed] the cross-appeal [relating to inducement and contributory infringement] as moot." *Id.* at 1285; *see also id.* at 1291.  The additional language included in the Federal Circuit's conclusion is best viewed as loose language that blends the liability and infringement inquiries for two reasons.[1]  First, the Federal Circuit chose to dismiss

_____

[1] The *Richdel* opinion cited by Cisco similarly melded the concepts of infringement and liability in a context completely unrelated to the present situation.  The judgment of the district court on

the cross-appeal as moot rather than decide it on the merits.  If, as a matter of law, invalidity of a patent controls the analysis of inducement infringement, the court could simply have affirmed that portion of the district court's judgment.  Second, Cisco's interpretation of *Prima Tek* brings that case into conflict with the Federal Circuit's earlier decisions in *Pandrol* and *Medtronic*—an undesirable result.[2]  As stated above, those earlier Federal Circuit decisions make clear that "patent infringement and invalidity are separate and distinct issues."

The correct approach to the distinction between infringement, validity, and liability in the context of inducement was explained by the district court in *Applera Corp. v. MJ Research Inc.*:

> [T]he parties are in agreement with the legal premise that **a patent can be infringed notwithstanding that it may also be invalid or unenforceable**, and counsel will be expected to refrain from arguing or eliciting testimony to the contrary. Defendants may argue that they have no **liability** for any patent infringement found if that patent is found invalid or unenforceable.  **They may not argue, however, that opinions concerning invalidity and unenforceability are relevant to the intent element of 35 U.S.C. § 271(b). Legal opinion is only relevant to the intent analysis to the extent the advice bears on whether the alleged direct infringer actually infringes patented claims. Opinions on validity or unenforceability, which bear on infringement only with respect to liability, are thus legally irrelevant as to whether or not the alleged indirect infringer has the requisite intent to induce actual infringement**.

---

appeal held the asserted claims "invalid and unenforceable and dismiss[ed] the suit."  *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1574 (Fed. Cir. 1983).  The panel affirmed the district court's judgment.  The lone sentence cited by Cisco is best viewed as a loosely worded conclusion that infringement liability was negated by virtue of the invalidity of the patent.

[2] Cisco cites a number of district court cases in support of its position, none of which are persuasive or binding on this court. *Kolmes*, *Union Pacific*, and *Duval Corp* are from outside this district and are inconsistent with the Federal Circuit's *Pandrol* and *Medtronic* opinions, which draw a clear distinction between issues of infringement and validity. *See Kolmes v. World Elastics Corp.*, No. 4:93CV00719, 1995 WL 918081 (M.D.N.C. Sept. 18, 1995); *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, No. CIV.A. 4:96-CV-726-Y, 1999 WL 33268422 (N.D. Tex. Sept. 21, 1999); *Duval Corp. v. Texasgulf, Inc.*, 1978 WL 21390 (S.D. Tex. Aug. 24, 1978). *VNUS* is from outside this district and cites no authority for its conclusion. *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, No. C-05-2972MMC, 2007 WL 2900532, at *1 (N.D. Cal. Oct. 2, 2007). As Cisco notes, *Meyer* did not even reach the issue. *See Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 597 F. Supp. 2d 790, 795 (N.D. Ill. 2009).

No. 3:98CV1201 (JBA), 2004 WL 367616, at *1 (D. Conn. Feb. 24, 2004) (citation and footnote omitted; emphasis added).  Commil urges the Court to follow this approach.

Even if validity evidence was relevant to Cisco's defense to Commil's inducement claim (which it is not), the potential for prejudicing, misleading, and confusing the jury, as well as wasting the time and resources of the Court on a prolonged presentation of issues that have already been resolved in Commil's favor, warrants excluding this evidence under Federal Rule of Evidence 403.  Absent clear instructions about the validity results of the prior trial and the limited issues for resolution in the present trial, permitting Cisco to re-argue validity will lead to significant confusion for the jurors.  For example, the jurors will hear Cisco devote a significant amount of time to attacking the validity of the patent but will then receive a verdict form that makes no mention of validity.  Even with clear instructions, there is a significant risk that validity issues that have previously been decided may impermissibly influence the jury's decision on the damages amount.  Finally, Cisco was provided and took full advantage of the opportunity to press its invalidity claims in the first trial.  The jury in that case considered and rejected Cisco's evidence.  Permitting Cisco to reargue validity will take a significant amount of time and add to the complexity and cost of the upcoming trial.  In light of the inevitable confusion, prejudice, and waste, the Court should prohibit Cisco from presenting evidence related to validity.

## B.  Cisco's Willfulness Cases Are Inapplicable to Inducement

Cisco's attempt to import defenses to a claim of willfulness into the inducement context is improper and should be rejected. Contrary to Cisco's assertions, there are pronounced differences between the proof necessary for willfulness and inducement.

First, a patentee seeking to prove willfulness must overcome a higher evidentiary burden than a patentee seeking to prove inducement infringement.  *Compare In re Seagate Tech., LLC,*

497 F.3d 1360, 1371 ("[T]o establish willful infringement, a patentee must show by <u>clear and convincing evidence</u> that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." (emphasis added)), *with SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1985, 1123 (Fed. Cir. 1985) (en banc) ("The patentee bears the burden of proving infringement by a <u>preponderance of the evidence</u>." (emphasis added)).

Second, the Federal Circuit has held that the state-of-mind requirement for inducement is lower than the state-of-mind requirement for willfulness. *See Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("[A] lack of culpability for willful infringement does not compel a finding of non-infringement under an inducement theory."). Indeed, in *Broadcom*, the Federal Circuit expressly held that evidence that would be **impermissible** to prove willfulness—the defendant's failure to seek an opinion of counsel—was **permissible** to prove inducement. *Id.* at 699-700.

Third, the language used by the en banc Federal Circuit to formulate the respective tests for willfulness and inducement indicates that the validity of the patent is relevant to willfulness but not inducement. *Compare In re Seagate*, 497 F.3d at 1371 ("[T]o establish willful infringement, a patentee must show by <u>clear and convincing evidence</u> that the infringer acted despite an objectively high likelihood that its actions constituted <u>infringement</u> of a <u>valid</u> patent." (en banc; emphasis added)), *with DSU*, 471 F.3d at 1306 ("[I]nducement requires that an alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.") (en banc in relevant part; emphasis added)).

The difference in treatment of willfulness and inducement—including a defendant's ability to rely on a good-faith belief of invalidity for purposes of willfulness but not inducement—flows from the different purposes of the two areas of law. Damages for ordinary infringement (including inducement) are limited to "compensat[ing] [the patentee] for the

infringement." 35 U.S.C. § 271.  By contrast, a finding of willfulness permits enhanced damages and thus serves a punitive function.  *In re Seagate*, 497 F.3d at 1360.  Accordingly, it is logical that more defenses (such as a good-faith belief of invalidity) would be available to a defendant charged with willfulness.

## **CONCLUSION**

For the reasons set forth above, Commil respectfully requests that the prohibit Cisco from introducing evidence relating to the validity of the '395 patent.

Dated:  April 1, 2011

Respectfully submitted,

/s/  Mark S. Werbner
**Mark S. Werbner**
State Bar No. 21179700
**Richard A. Sayles**
State Bar No. 17697500
**Mark D. Strachan**
State Bar No. 19351500
**SAYLES WERBNER**
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700 (Telephone)
(214) 939-8787 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**COMMIL USA, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 1, 2011, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) as well as served electronically. As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/  Mark S. Werbner
Mark S. Werbner