IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COMMIL USA, LLC | § | |
| vs. | § | CIVIL ACTION NO. 2:07-CV-341 |
| CISCO SYSTEMS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

This memorandum opinion addresses various post-judgment motions filed by the parties.

1.  The plaintiff's motion to amend final judgment (Dkt. No. 440) to include an award of pre-judgment interest and court costs is GRANTED. In its discretion, the court awards pre-judgment interest in the amount of $10,295,386.32, which is the amount sought by Plaintiff, including the daily rate since the motion was filed. Historically, rather than using a higher rate and distributing the interest over the entire damages period, the court has utilized a low interest rate and computed the interest to run from the date of first infringement on the entire damages award. *See, e.g., Medtronic Vascular, Inc. v. Boston Scientific Corp.*, No. 2-06-CV-78 (TJW), 2009 WL 175696 (E.D. Tex. January 23, 2009). This methodology should provide full compensation to the plaintiff. Cisco's methodology would apply the same low rate, but it would distribute the interest over the entire time of the hypothetical license. In the court's view, this would be insufficient to "ensure the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." [1] *General Motors Corp. v. Devex*, 461 U.S. 648, 655-56 (1983). The judgment shall also bear interest at the lawful federal rate and shall include an award of court costs.

---

[1] Had Cisco entered a license, Plaintiff might have earned a higher rate of interest than under the commercial paper rate. To illustrate, under Cisco's proposed methodology, the total award of pre-judgment interest at the rate set by the Texas pre-judgment interest statute would have approached ten million dollars.

To clarify the procedure for claims of future damages, the court severs any claim for future damages and directs the plaintiff to file a new suit in cause number 2:11-CV-417 to recover damages accruing since January 29, 2011. The complaint shall be filed within fourteen (14) days from the date of entry of this order. Any filing fees and *pro hac vice* fees are waived as to the new cause number. That case is stayed pending the disposition of any appeal in the present case, except that Cisco shall file quarterly sales reports for the period beginning January 30, 2011, identifying the number of units sold with regard to Cisco's products found to infringe the '395 patent and the gross sales revenue for such units in the United States, and made in the United States and sold abroad during the respective periods. Cisco is granted leave to make such filings under seal in the new case with a copy to plaintiff's counsel. The clerk shall docket a copy of this order in the new case.

2. Commil's amended bill of costs (Dkt. No. 461) is APPROVED-in-PART and REJECTED-in-PART. The court awards costs in the amount set forth in Exhibit A to Cisco's objections to Commil's amended bill of costs (Dkt. No. 470). Local Rule 54(b)(2) requires that if there is a contested bill of costs containing areas of legitimate disputes, the "party seeking costs must file a bill of costs indicating areas of agreement and disagreement." Commil's bill of costs fails to comply with this rule. Rather than strike the bill of costs in its entirety, however, the court sustains all of Cisco's objections to the amended bill of costs. The court taxes costs in the amount of $17,737.98.

3. Cisco's renewed motion for judgment as a matter of law or, in the alternative, for a new trial on non-infringement (Dkt No. 466) is DENIED. The court is persuaded that sufficient evidence supports the jury's verdict in this case. Likewise, Cisco's renewed motion for judgment as a matter of law or alternatively a new trial on invalidity (Dkt. No. 467) is DENIED.

The original jury had a sufficient reason for rejecting Cisco's invalidity positions, and sufficient evidence supports that verdict. Cisco's invalidity expert testified to the first jury "I didn't say it was invalid" and also stated "I don't know" when asked whether the '395 patent was valid. *See* Dkt. No. 348 at 91. The verdict was not so against the great weight of the evidence that a new trial is justified. Finally, Cisco's renewed motion for judgment as a matter of law on damages or, in the alternative, for a new trial or to modify the judgment and for remittitur (Dkt. No. 468) is DENIED. Sufficient evidence supports the jury's damages award in this case.

4.     Cisco's motion for new trial (Dkt. No. 469) is DENIED. The court is not persuaded it erred when it granted a partial new trial in this case for the reasons previously outlined in the record of this case. The exclusions of portions of the damages expert's testimony and the proffered substantive exhibits were proper for the reasons outlined in the record. The court also does not find its questioning of Cisco's witness to merit a new trial. Finally, as to the court's jury instructions, Cisco has not shown that a new trial is warranted. Accordingly, the motion for new trial is denied.

      SIGNED this 28th day of September, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE